Justice Beth Baker delivered the Opinion of the Court.
¶ 1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.
¶ 2 Kelley M. Anderson appeals the findings of fact, conclusions of law, and second amended parenting plan ordered by the First Judicial District Court, Lewis and Clark County. Under the new parenting plan, Brandon Herrera is the primary residential parent, and Kelley has parenting time every other weekend. Kelley alleges that the District Court abused its discretion by relying at trial on evidence it previously deemed "irrelevant," that its findings are clearly erroneous, and that it failed to consider the statutory best-interest factors under § 40-4-212(1), MCA. We affirm.
¶ 3 Kelley and Brandon are the parents of two children, A.H., born in 2006, and J.H., born in 2009. In October 2014, the District Court dissolved the parties' marriage. The final decree adopted a Stipulated Final Parenting Plan under which the parties, who both resided in Boulder at the time, shared parenting on a 50/50 basis. Two months after the dissolution, Kelley and the children moved to Butte without notice to Brandon. Brandon moved to Butte soon after. In April 2015, the parties entered into, and the court adopted, a Stipulated Amended Parenting Plan; under that plan, Kelley was the primary residential parent and caregiver, and Brandon had parenting time every other weekend.
¶ 4 In July 2015, Kelley moved to Helena without notice to Brandon and took the children with her. Kelley then moved to amend the parenting plan, proposing that Brandon have only supervised visits with the children. While the motion was pending, the parties entered into a stipulated co-parenting agreement. In August 2016, Kelley attempted to obtain an order of protection against Brandon, but it was denied twice. In September 2016, Brandon moved for an order to show cause to hold Kelley in contempt for her failure to follow the parenting plan. Difficulties between the parties continued, and law enforcement was called several times to intervene and mediate parenting disputes between Kelley and Brandon. The motions were heard over six separate hearings between February 2016 and March 2017.
¶ 5 In its December 2017 order adopting the Second Amended Parenting Plan, the court reasoned that Kelley had violated the parenting plans multiple times with "the effect, if not the intention, of denying Brandon meaningful and frequent contact and involvement with his children," which was not in the best interests of the children. Further, Brandon had been excluded from knowing about and participating in decisions regarding the children's schooling, medical care, and counseling.
¶ 6 Kelley maintains that the District Court's finding that she interfered with Brandon's parenting was arbitrary and unreasonable because it was based on behavior that occurred prior to November 2015. Kelley argues that she was unable to develop evidence that explained her behaviors prior to November 2015 because the court ruled such evidence "irrelevant." She argues further that the District Court's findings of fact are clearly erroneous, that it ignored substantive evidence, that it considered her non-compliance with the prior parenting plan but not Brandon's, and that it failed to consider the statutory best-interest factors.
¶ 7 We review evidentiary rulings for abuse of discretion. McClue v. Safeco Ins. Co. , 2015 MT 222, ¶ 8, 380 Mont. 204, 354 P.3d 604. Because the district court sits in the best position to evaluate the best interests of the children, "we must presume that the court carefully considered the evidence and made the correct decision." Hood v. Hood , 2012 MT 158, ¶ 24, 365 Mont. 442, 282 P.3d 671. "Whether we would have reached the same decision as the trial court is not the standard under which we review a court's order for an abuse of discretion." Woerner v. Woerner , 2014 MT 134, ¶ 29, 375 Mont. 153, 325 P.3d 1244. "We review whether substantial evidence in the record supports the court's findings regardless of whether the evidence could support a different outcome as well." Woerner , ¶ 29.
¶ 8 The District Court heard considerable evidence about the case over the course of six hearings. The court provided ample opportunity for each party to present her or his case. Kelley has not demonstrated evidentiary rulings by the trial court that prejudiced her ability to offer evidence substantiating her claims. To the extent Kelley argues that the District Court did not properly weigh the evidence or consider certain testimony, that is within the purview of a district court. It is the function of the trial court to weigh the testimony and determine witness credibility, and "[w]e will not substitute our judgment for that of the district court on such issues." In re Marriage of Kesler , 2018 MT 231, ¶ 17, 392 Mont. 540, 427 P.3d 77. Upon review of the record, we conclude that Kelley was able to adequately present her case and that the District Court's findings are supported by the record.
¶ 9 Kelley argues further that we should reverse because the District Court "focused only on instances of Kelley's non-compliance, ignoring the other required factors." She maintains that the basis for the final parenting plan was the court's displeasure with her, rather than the children's best interests.
¶ 10 A district court must determine a parenting plan "in accordance with the best interest of the child." Section 40-4-212(1), MCA. The statute directs the district court to consider "all relevant parenting factors," which may include the thirteen enumerated factors, in determining the best interest of the child. Section 40-4-212(1), MCA. We have encouraged district courts to make findings on the factors, but we do not require specific findings on each factor. Woerner , ¶ 15. "The court's findings should, at a minimum, 'express the essential and determining facts upon which it rests its conclusions.' " Woerner , ¶ 15 (quoting In re Marriage of Crowley , 2014 MT 42, ¶ 45, 374 Mont. 48, 318 P.3d 1031 ).
¶ 11 A review of the District Court's findings makes clear that it considered the statutory factors in its decision, even though it did not specifically identify them. For instance, the court found that the children have a good relationship with Brandon's extended family in Butte and described Kelley's household in East Helena; those findings addressed § 40-4-212(1)(c), MCA, "the interaction and interrelationship of the child[ren] with the child[ren]'s parent or parents and siblings and with any other person who significantly affects the child[ren]'s best interest." The court also made findings on the "developmental needs of the child[ren]," finding that A.H. had been exhibiting some "troubling behaviors" and that Brandon planned to focus on personal responsibility with the child. Section 40-4-212(1)(i), MCA. "[T]he child[ren]'s adjustment to home, school, and community" was addressed in the court's findings that the children had not done well in East Helena schools. Section 40-4-212(1)(d), MCA.[1] The court also considered the "continuity and stability of care" for the children, finding that they had structure in Brandon's home and "Kelley's household is not structured quite as clearly as Brandon's." Section 40-4-212(1)(h), MCA. Among the examples noted, the substance of the District Court's findings demonstrates its consideration of the best-interest factors in § 40-4-212(1), MCA. The court was not required to address specifically each of the many disputed points of evidence between the parties.
¶ 12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Although the Court deeply regrets the lack of closure for the parties and their children caused by the long delay in the District Court's entry of a final parenting plan, we conclude upon complete review of the record that its decision was not an abuse of discretion or contrary to law. The order adopting a Second Amended Parenting Plan is affirmed.
We Concur:
MIKE McGRATH, C.J.
DIRK M. SANDEFUR, J.
JAMES JEREMIAH SHEA, J.
JIM RICE, J.

Kelley argues that this finding is clearly erroneous because there was no evidence that J.H. had any trouble in school. This dispute does not bear materially on the conclusion that the District Court's findings are grounded in substantial evidence.